IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MING WEI, | : | 1:11-cv-688 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. J. Andrew Smyser |
| PENNSYLVANIA DEPARTMENT | : | |
| OF HEALTH, *et al.,* | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

### June 6, 2012

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge J. Andrew Smyser (Doc. 62) filed on March 14, 2012.  Within the R&R, the Magistrate Judge analyzes the Defendants' Motion to Dismiss the Third Amended Complaint (Doc. 34) and recommends that the Motion be largely denied, but that the Motion be granted with respect to the following claims: Plaintiff's purported 42 U.S.C. § 1983 emotional distress claim, Plaintiff's Pennsylvania Human Relations Act ("PHRA") claims, and Plaintiff's § 1983 claims of discrimination based on the Defendants' discipline of him during his employment and termination. Magistrate

1

Judge Smyser recommends that the matter be remanded to him for further pre-trial management.

Plaintiff Ming Wei ("Plaintiff" or "Wei") and the Defendants filed limited objections to the R&R. (Docs. 67-69).   Accordingly, this matter is ripe for our review.

## I.     STANDARD OF REVIEW[1]

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made.  28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980).  The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations.  *Id.*  Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations.  *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

---

[1] Magistrate Judge Smyser set forth the standard of review for a motion to dismiss at pages 8-11 of the R&R.  Thus, in the interest of economy, we shall not repeat the same herein.

## II.    BACKGROUND

Plaintiff first commenced this employment discrimination action on April 13, 2011 against the following Defendants: 1) the Commonwealth of Pennsylvania; 2) the Pennsylvania Department of Health ("PADOH"); 3) the Pennsylvania State Civil Service Commission; 4) Veronica Urdaneta; 5) Stephen Ostrolff; and 6) Tiffany Burnhauser.  The current operative pleading in this matter is the third amended complaint.

Magistrate Judge Smyser sets forth the facts giving rise to this action in great detail at pages 2 through 8 of the R&R, thus we shall only summarize the salient facts herein.  Plaintiff, who is of Chinese origin, worked at the PADOH from 2001 until his termination in 2007.  In the context of his employment, Plaintiff performed various types of data analysis pertaining to HIV/AIDS cases in the Commonwealth.  Plaintiff alleges that, during his employment, there was a double standard and stereotypical view of employees of Chinese origin that they should work harder than other employees who were not of Chinese origin.  Plaintiff claims that when he complained about being overloaded with work, he was threatened he would lose his job, was disciplined, and that the number of staff members in his unit was decreased.

Plaintiff alleges that as a result of the excessive work and groundless harassment by the Defendants, he suffered from emotional distress and became physically ill.  Plaintiff was advised by his medical providers to only work intermittently, however when Plaintiff requested annual leave to care for his health, his request was denied despite the fact that he had accumulated 100 hours of vacation time.

On July 23, 2007, Plaintiff filed a complaint with the Pennsylvania Human Relations Commission and the Equal Opportunity Commission.  He was suspended on August 24, 2007 and subsequently fired from his employment on September 4, 2007.  Plaintiff claims that during a hearing with the State Civil Service Commission pertaining to his termination, he was further discriminated against by not being appointed an interpreter.  Plaintiff also claims that his health rendered him unable to sit for a hearing longer than two hours in length, but that despite asserting this as a basis for a continuance, he was denied that request.

Finally, Plaintiff claims that in May of 2009 he went to the Civil Service office to review his case file but was told to come back another day.  Plaintiff claims that when he returned to the office another day, the police were called and he was stopped and arrested.  Similarly, on February 7, 2011, Plaintiff alleges that when he went to the PADOH for a pubic document and job information, the

4

PADOH called the police and falsely accused him of making a threat.  Plaintiff was again stopped, searched, and arrested.

Plaintiff's third amended complaint contains eighteen counts.  Counts One through Four are Title VII claims against the Commonwealth and the PADOH for retaliation, national origin and racial harassment, and national origin discrimination.  Count Five is a Title VII claim against the Commonwealth, the PADOH and the State Civil Service Commission for racial discrimination.  Counts Six through Ten are 42 U.S.C. § 1983 and § 1985 claims against individual Defendants Urdaneta, Burnhauser, Ostroff, and the Doe Defendants.  Counts Eleven through Eighteen are PHRA claims against the individual Defendants.

## III.   DISCUSSION

In the main, Magistrate Judge Smyser recommends that the Defendants' Motion to Dismiss be denied, with three exceptions.  The claims Magistrate Judge Smyser recommends be dismissed are as follows: 1) Count IX, labeled as a 42 U.S.C. § 1983 claim for intentional emotional distress, because such claim is not cognizable under the statute; 2) Plaintiff's 42 U.S.C. § 1983 claim based on Defendants' discipline of Plaintiff during his employment and the termination of Plaintiff's employment, because these claims are barred by the statute of

limitations; and 3) Plaintiff's PHRA claims, since Plaintiff has indicated his intent
not to proceed with these claims in this Court.

As noted above, the parties have interposed limited objections to the R&R.
Plaintiff objects to the Magistrate Judge's recommendation that some of his 42
U.S.C. § 1983 claims be dismissed as barred by the statute of limitations.
Defendants object to the Magistrate Judge's recommendation that Plaintiff's
deprivation of property claim be permitted to proceed.  We shall discuss each
objection in turn.

### A.      Plaintiff's Objections

Magistrate Judge Smyser concluded that the Plaintiff's 42 U.S.C. § 1983
claims related to alleged wrongful conduct of the Defendants that occurred prior to
April 13, 2009 should be dismissed because they fall outside of the applicable
statute of limitations.[2]  In rendering this conclusion, Magistrate Judge Smyser
rejected Plaintiff's contention that claims based on pre-April 13, 2009 conduct
were permitted by the continuing violation doctrine.  In his objections, Plaintiff
contends that the continuing violation doctrine applies to save these claims from
dismissal.

---

[2] The action was filed on April 13, 2011.  A two-year statute of limitations is applied to
42 U.S.C. § 1983 claims in Pennsylvania federal courts.  *O'Connor v. City of Newark*, 440 F. 3d
125, 126 (3d Cir. 2006).

Under the continuing violation doctrine, "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred. *Cowell v. Palmer Twp.*, 263 F. 3d 286, 292 (3d Cir. 2001)(quoting *Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am.*, 927 F. 2d 1283 (3d Cir. 1991)). To achieve the protection of the continuing violation doctrine, a plaintiff must show that the defendant's conduct is part of a continuing practice and is more than the occurrence of isolated or sporadic acts. *Rush v. Scott Speciality Gases, Inc.*, 113 F. 3d 476, 481 (3d Cir. 1997).

Plaintiff contends that the discipline that occurred during his employment and his termination in 2007 was related to the 2011 incident at the PADOH (when Plaintiff was stopped, searched and arrested), and thus the continuing violation doctrine saves the claims based on earlier conduct from being time-barred. We disagree. The Plaintiff has not alleged a clear factual connection between his employment discipline and termination in 2007 to an incident at the PADOH which occurred nearly *four years later* in 2011 to support the operation of the continuing violation doctrine. Thus, we shall adopt the Magistrate Judge's recommendation on this point, noting as we do that we are not dismissing the

Plaintiff's hostile work environment or conspiracy claims brought pursuant to 42

U.S.C. § 1983.

### B.    Defendants' Objection

Next we turn to the Defendants' contention that Plaintiff's due

process/deprivation of property claim must be dismissed.  In the context of this

case, Plaintiff alleges that the Defendants failed to return all of his property

following his termination.  The touchstone for this claim is whether or not the

Plaintiff had an adequate post-deprivation remedial process available to him for the

return of his property.  *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

Defendants contend that state law provides adequate process to the Plaintiff

through an action in state court for conversion or replevin.  We agree.  It is well-

established that § 1983 claims for deprivation of property without due process are

not cognizable when a state's post-deprivation remedies are adequate to protect a

plaintiff's procedural due process rights.  *Taylor v. Naylor*, 2006 U.S. Dist. LEXIS

27322, *9 (W.D. Pa. 2006).  In Pennsylvania, district courts have recognized that

Pennsylvania provides an adequate post-deprivation remedy for unauthorized

deprivations of property in the form of actions for replevin and conversion.  *See

id.*; *see also Marsh v. Ladd*, 2004 WL 2441088, *6-7 (E.D. Pa. 2004).

Accordingly, we agree with the Defendants that Plaintiff's 42 U.S.C. § 1983 claim

for deprivation of property without due process must be dismissed because Pennsylvania provides for an adequate post-deprivation remedy.  Thus, we shall reject the Magistrate Judge's recommendation that the Motion to Dismiss be denied with respect to this claim.

### C.    Plaintiff's Request to Further Amend Complaint

Within his objections to the R&R, Plaintiff seeks leave to file a fourth amended complaint.  To the extent Plaintiff desires such relief, we direct Plaintiff to file an appropriate motion for leave to amend under the Federal Rules of Civil Procedure.

### IV.    CONCLUSION

Thus, based on the foregoing, we shall overrule the Plaintiff's objections to the R&R and sustain the Defendants' objection.  The R&R shall be adopted in part and rejected in part.  This matter shall be remanded to Magistrate Judge Smyser for further pre-trial management.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1.    The Report and Recommendation (Doc. 62) of Magistrate Judge Smyser is **ADOPTED IN PART** and **REJECTED IN PART** to the following extent:

    a.    The Defendants' Motion to Dismiss (Doc. 34) is **GRANTED** with respect to: 1) Count IX, labeled as a 42 U.S.C. § 1983 claim for intentional emotional distress; 2) Plaintiff's 42 U.S.C. § 1983 claims based on Defendants' discipline of Plaintiff during his employment and the termination of Plaintiff's employment, because these claims are barred by the statute of limitations; 3) Plaintiff's PHRA claims (Counts XI - XVIII); and 4) Plaintiff's deprivation of property/due process claim.

    b.    The Defendants' Motion to Dismiss (Doc. 34) is **DENIED** in all other respects.

2.    This matter is **REMANDED** to Magistrate Judge Smyser for further pre-trial management.

<u>s/ John E. Jones III</u>
John E. Jones III
United States District Judge