# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MING WEI, | : | 1:11-cv-688 |
|     Plaintiff, | : | |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, *et al.*, | : | |
|     Defendants. | : | |

## **MEMORANDUM**

## **March 28, 2019**

## **THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

By Order dated June 18, 2018 (Doc. 397), the Court invited the Defendants to file renewed objections to the portion of Chief Magistrate Judge Susan E. Schwab's Report and Recommendation that recommended denial of the Defendants' motion for summary judgment (Doc. 298) with respect to the Plaintiff's three remaining claims. We have now received and reviewed the Defendants' renewed objections (Docs. 402 and 410), as well as the Plaintiff's opposition thereto. (Doc. 407). For the reasons that follow, we shall vacate our prior decision wherein we adopted the Magistrate Judge's recommendation to deny the Defendants' summary judgment motion with respect to Plaintiff's remaining claims. Thus, we shall enter summary judgment in favor of the Defendants on these claims, and shall close this case. As a corollary, we shall dismiss the parties'

1

pending motions *in limine* and shall summarily deny the Plaintiff's *seventh* Motion for Sanctions under Rule 11.

I. **BACKGROUND**

The Court and the parties are well familiar with the extensive procedural and factual background of this lengthy litigation, which was commenced by the *pro se* Plaintiff in 2011. Hereinbelow we shall address only the facts necessary to support our decision, but shall refer the reader to the Magistrate Judge's thorough Report and Recommendation for a full recitation of the factual underpinnings of this case. (Doc. 321). In short, this employment discrimination case arises out of Plaintiff Ming Wei's ("Plaintiff" or "Wei") claims that officials at the Pennsylvania Department of Health ("PADOH") discriminated against him because of his national origin, race, and his disability. He also claims that the PADOH officials retaliated against him because he complained about his working conditions and that they subjected him to a hostile work environment. The most recent iteration of the Plaintiff's claims are contained in a Fourth Amended Complaint (Doc. 95), which spans 71 pages in length and contains over 100 pages of exhibits.

As the parties are aware, as the result of multiple rounds of pretrial motion practice, only a few claims remain. They are 1) Title VII retaliation claims against the PADOH based on two reprimands given to Plaintiff (April 4, 2007 and July 2, 2007); and 2) Title VII discrimination and retaliation claims against the PADOH

and a 42 U.S.C. § 1981 retaliation claim against individual Defendants Urdaneta and Ostroff based on the denial of annual leave pay for Wei's FMLA leave in the summer of 2007.

With respect to the claims based on the denial of annual leave pay for Wei's FMLA leave, we adopted the Magistrate Judge's reasoning and recommendation that summary judgment be denied on the basis that the PADOH had failed to set forth a legitimate, nondiscriminatory reason for not paying Wei for the leave he was granted. (Doc. 321, p. 35). We also adopted the Magistrate Judge's determination that the April 4 and July 2, 2007 reprimands were adverse actions, and that the PADOH failed to provide a legitimate, non-discriminatory reason for them. These are the rulings that we invited the Defendants' to address in their renewed objections.[1]

---

[1] Where objections to a magistrate judge's report and recommendation are filed, the court must perform a *de novo* review of the contested portions of the report. *Supinksi v. United Parcel Serv.*, Civ. A. No. 06-0793, 2009 WL 113796, at *3 (M.D. Pa. Jan. 16, 2009) (citing *Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(c)). "In this regard, Local Rule of Court 72.3 requires 'written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for those objections.'" *Id*. (citing *Shields v. Astrue*, Civ. A. No. 07-417, 2008 WL 4186951, at *6 (M.D. Pa. Sept. 8, 2008). Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *See United States v. Raddatz*, 447 U.S. 667, 674-75 (1980); *see also Matthews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F. 2d 5, 7 (3d Cir. 1984).885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(c)). "In this regard, Local Rule of Court 72.3 requires 'written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for those objections.'" *Id*. (citing *Shields v. Astrue*, Civ. A. No. 07-417, 2008 WL 4186951, at *6 (M.D. Pa. Sept. 8, 2008).

### A. Title VII Retaliation Claims based on the Written Reprimands

As noted above, we adopted the Magistrate Judge's reasoning and conclusion, over the Defendants' objection, that the reprimands were adverse employment actions in the context of Plaintiffs' discrimination claim, and thus we denied the Defendants' request for summary judgment on Wei's retaliation claim based on the April 4 and July 2, 2007 reprimands. Upon further reflection, however, and for the reasons that follow, we find that these reprimands were *not* adverse employment actions as a matter of law. As such the Defendants are entitled to summary judgment on the retaliation claims.

In the context of a retaliation claim, the plaintiff "must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). Under this standard, "petty slights, minor annoyances, and simple lack of good manners" are not adverse actions because such would not deter a reasonable worker from making or supporting a charge of discrimination. *Id*. "By focusing on the materiality of the challenged action and the perspective of a reasonable person in the plaintiff's position . . . this standard will screen out trivial conduct while effectively capturing those acts that are likely

to dissuade employees from complaining or assisting in complaints about discrimination." *Id*. at 69-70. In *Burlington Northern*, the court held that the plaintiff suffered a materially adverse action that "might have dissuaded a reasonable worker form making or supporting a charge of discrimination" because her job duties were substantially changed to less desirable and less prestigious duties and she was suspended without pay for 37 days. *Id.* 69-71. The Court held that the significance of any alleged act of retaliation must be considered with regard to the surrounding context and particular circumstances set forth. *Id*. at 70.

With these jurisprudential guidelines in mind, we review the reprimands at issue. The April 4, 2007 reprimand resulted from Wei's failure to attend a mandatory meeting. The written reprimand referenced Wei's absence from the meeting, and further stated, "[t]his action is being taken to impress upon you the seriousness of this violation and give you the opportunity to correct your behavior in the future," and that "[i]f you fail to correct this type of behavior or commit a similar violation, you will be subject to further disciplinary action up to and including dismissal from employment." (Doc. 300-1 at 399). The July 2, 2007 reprimand resulted from Wei's inappropriate behavior related to communications between Wei and his supervisor. The reprimand referenced the communication at issue and stated, "[p]lease be advised that any future incidents of this nature will

5

result in further disciplinary action up to and including discharge." (Doc. 300-1 at 401).

In our view, these two written reprimands do not rise to the level of being materially adverse because we simply cannot find that they would have dissuaded a reasonable worker from making or supporting a charge of discrimination. To be clear, these reprimands did not result in any change to Wei's duties, assignments, surrounding coworkers, compensation or any other terms or conditions of employment. Rather, they were a form of targeted constructive criticism, demonstrating to Wei the seriousness of missing a mandatory meeting and inappropriately communicating with his supervisor. They essentially advised Wei to cease certain conduct. Further, it is evident that Wei was <u>not</u> dissuaded from making or supporting a charge of discrimination by virtue of these two written reprimands. To the contrary, Wei made almost weekly complaints to the DEEO, which were in addition to his many more formal complaints to the EEOC, PHRC and the courts. (Docs. 321 at 40, 42 and 51).

Accordingly, because we find that no reasonable jury would determine that the April 4 and July 2, 2007 written reprimands were materially adverse and would dissuade a reasonable worker from making or supporting a charge of discrimination, we shall grant summary judgment in favor of the Defendants on Wei's Title VII retaliation claim.

### B. Title VII Retaliation and Discrimination Claims and 42 U.S.C. § 1981 Claims Based on Denying Wei Pay for his Leave

To summarize,[2] Wei was granted unpaid FMLA leave of eight to ten days in July or August of 2007 and claims that he should have been able to substitute paid annual leave for this unpaid leave. The Defendants submit that the legitimate, nondiscriminatory reason for denying Wei pay for the leave he was granted (in the form of substituting annual leave for the granted FMLA leave) was operational in nature – specifically that Defendant Urdaneta denied Wei's request to use annual leave because Wei was not completing his work duties. Defendants' further submit that Wei never notified Defendant Urdaneta that his requests to use annual leave were in any way related to the FMLA leave that he had been granted by human resources. The lack of evidence on this point is critical. In our view, no reasonable jury could find that failure to compensate Wei for his unpaid FMLA leave absences were indicative of discrimination when there is simply no evidence that Dr. Urdaneta was aware that Wei had been approved for FMLA leave by human resources or that she was aware that the FMLA required that paid annual leave be substituted for unpaid FMLA leave. While it might be a failing of the

---

[2] A fulsome recitation of the lengthy factual background surrounding these claims is set forth by Magistrate Judge Schwab at pages 29-30 of her December 29, 2016 report. (Doc. 321).

management structure of the PADOH that Wei's supervisor was not aware of the fact that human resources had granted FMLA leave to Wei, this insufficiency does not rise to the level of invidious, actionable discrimination or retaliation under Title VII or 42 U.S.C. § 1981.  As such, we shall reject the Magistrate Judge's recommendation that summary judgment be denied on this claim, and shall enter judgment in favor of the Defendants.

  An appropriate Order shall issue.